IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA R.,[1] | ) |
| | ) |
|       **Plaintiff,** | ) |
| | )   Case No. 22-cv-00707 |
| v. | ) |
| | )   Honorable Beth W. Jantz |
| MARTIN J. O'MALLEY, | ) |
| **Acting Commissioner of Social Security,**[2] | ) |
| | ) |
|       **Defendant.** | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

    This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Debra R.'s application for Disability Insurance Benefits ("DIB"). The Parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's final decision [dkt. 1; dkt. 22; dkt 26] is granted and the Commissioner's Motion for Summary Judgement [dkt. 25] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

## BACKGROUND

### I.    Procedural History

    On August 19, 2019, Plaintiff completed her application for DIB, alleging disability since March 28, 2018. R. 185-86. The claim was denied initially on September 14, 2020, and upon reconsideration on January 28, 2021. R. 52-83. A hearing before an Administrative Law Judge ("ALJ") was held on September 8, 2021. R. 32-51. A Vocational Expert ("VE") and Plaintiff testified at the hearing. *Id.* Plaintiff's claim was denied by the ALJ on September 21, 2021. R. 12-31. The Appeals Council denied Plaintiff's request for review on December 6, 2021, leaving the ALJ's decision as the final decision of the Commissioner. R. 1-8.

---

[1]  In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by her first name and the first initial of her last name.
[2]  Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. O'Malley has been substituted for his predecessor.

## II. The ALJ's Decision

The ALJ analyzed Plaintiff's claim in accordance with the Social Security Administration's five-step sequential evaluation process. R. 12-31. The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity ("SGA") since her alleged onset date of March 28, 2018. R. 17. At step two, the ALJ concluded that Plaintiff had the following severe impairments: L4-L5 spinal stenosis status post L3-L5 fusion and right hip replacement. R. 17-18. The ALJ also concluded that Plaintiff had the following non-severe impairments: liver dysfunction and hypertension. *Id.* The ALJ concluded at step three that her impairments, alone or in combination, did not meet or medically equal one of the Social Security Administration's listings of impairments. R. 18-19. Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of sedentary work without any additional limitations. R. 19-25. At step four, the ALJ found that Plaintiff was capable of performing her past relevant work which would not require the performance of work-related activities precluded by Plaintiff's RFC. R. 25. The ALJ then found that Plaintiff was not disabled under the Social Security Act. R. 25.

## **DISCUSSION**

## I. Judicial Review

Under the Social Security Act, a person is disabled if she is unable "to engage in any [SGA] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine disability within the meaning of the Social Security Act, the ALJ conducts a five-step inquiry, asking whether: (1) the claimant has performed any SGA during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the RFC to perform her past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a). "A finding of disability requires an affirmative answer at either step three or step five." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). "The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner." *Id.*

Because the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner and is reviewable by this Court. 42 U.S.C. § 405(g); *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Judicial review of the ALJ's decision is limited to determining whether it adequately discusses the issues and is based upon substantial evidence and the proper legal criteria. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks omitted). "To determine whether substantial evidence exists, the court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses." *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014). While this review is deferential, "it is

not intended to be a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The Court will reverse the ALJ's finding "if it is not supported by substantial evidence or if it is the result of an error of law." *Id.* at 327.

The ALJ has a basic obligation both to develop a full and fair record and to "build an accurate and logical bridge between the evidence and the result [so as] to afford the claimant meaningful judicial review of the administrative findings." *Beardsley*, 758 F.3d at 837; *see also Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022). Although the ALJ is not required to mention every piece of evidence in the record, the ALJ's analysis "must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001); *accord Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). The ALJ "must explain [the ALJ's] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe*, 425 F.3d at 351). Even if reasonable minds could differ as to whether the claimant is disabled, courts will affirm a decision if the ALJ's opinion is adequately explained and supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## II. Analysis

Among other arguments, Plaintiff argues that the Commissioner's decision should be reversed because the ALJ's RFC determination lacked evidentiary support. [Dkt. 22 at 5-10]. After a review of the record and the briefs submitted by the Parties, the Court agrees that the ALJ did not adequately support the RFC determination. The ALJ's decision does not build an accurate and logical bridge from the evidence to the RFC in a way that would allow the Court to follow the ALJ's path of reasoning and ensure that substantial evidence supported the decision. Because this error alone warrants remand, the Court does not reach Plaintiff's additional arguments.

### A. Legal Principles

"The RFC is an assessment of what work-related activities an individual can do, despite her limitations." *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). The ALJ must describe how specific evidence supports the RFC. *Jarnutowski*, 48 F.4th at 774. In determining the RFC, the ALJ is required to evaluate all limitations that arise from an individual's impairments. *Villano*, 556 F.3d at 563; *see also Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) ("The ALJ needed to explain how she reached her conclusions about [the plaintiff's] physical capabilities…"). An ALJ's failure to sufficiently support the RFC determination is a basis for remand. *See Jarnutowski*, 48 F.4th at 774.

### B. The ALJ's RFC Determination

Here, the ALJ determined that Plaintiff had the RFC to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a).[3] R. 19-25. In coming to this conclusion, the ALJ first

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in

summarized Plaintiff's self-reports and testimony, discussed her activities of daily living and noted that she reported problems with sitting, standing, and walking, among other things. R. 19-20 (citing R. 198-207, 210-18, 244-53, 219-30). The ALJ found that Plaintiff's impairments could reasonably be expected to cause her alleged symptoms but that her statements concerning the intensity, persistence and limiting effects of her symptoms were not consistent with the record evidence. R. 20. The ALJ then summarized the medical records without analysis. R. 20-23.

After summarizing the medical records, the ALJ considered the medical opinions and assessed their weight. R. 23-25. The ALJ first looked at the opinions of the State agency medical consultants, at both the initial and reconsideration levels, finding them persuasive. R. 23 (citing to R. 53-82). The State agency consultants opined that Plaintiff could perform light work. R. 60-63. The ALJ asserted that these opinions were consistent with the record because the Plaintiff recovered following her second surgery, as evidenced by imaging that showed no severe conditions and a normal consultation. R. 23. While the ALJ found these opinions persuasive, the ALJ determined that the Plaintiff's RFC should be limited to sedentary rather than light work, in order to give Plaintiff the benefit of the doubt, given her "subjective complaints of pain, along with difficulty with prolonged sitting, standing, and walking." *Id.* The ALJ found the other medical opinions unpersuasive. R. 24-25.

Finally, after the ALJ discussed Plaintiff's alleged symptoms, summarized the medical records, and assessed the medical opinions, the ALJ found that Plaintiff could perform the full range of sedentary work. R. 25. The ALJ concluded that the RFC determination was "supported by the imaging evidence, which documents fairly mild findings after [Plaintiff's] second surgery; the results of [Plaintiff's] physical examinations, which include few objective findings of impairment; the relative scarcity of recent treatment; and the opinions of the State agency consultants both of whom persuasively opined that [Plaintiff] could perform work at a level exceeding [the RFC]." *Id.* The ALJ offered no other rationale.

### C. The ALJ failed to provide substantial evidence to support Plaintiff's RFC.

The essential question is whether the ALJ's finding that Plaintiff had the RFC to perform the full range of sedentary work was supported by substantial evidence. *Sandra S. v. Kijakazi*, No. 19 CV 8421, 2022 WL 4291049, at *6 (N.D. Ill. Sept. 16, 2022). The Court finds that it was not, because the ALJ failed to "explain the basis for concluding that Plaintiff is able to stand, walk, and sit as required to perform sedentary work." *Melissa Q. v. Kijakazi*, No. 21 C 5456, 2023 WL 2333296, at *3 (N.D. Ill. Mar. 2, 2023). Particularly, the Court cannot understand how or why the ALJ determined that Plaintiff should be limited to sedentary work but did not need any limitations regarding sitting.

As discussed above, the only medical opinions that the ALJ relied on were those of the State agency consultants, which opined that Plaintiff could perform light work. R. 23 (citing to R.

---

carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). Generally, "sedentary work requires sitting for 6 hours and standing and/or walking for 2 hours during an 8-hour workday." *Collins v. Astrue*, 324 F. App'x 516, 517 (7th Cir. 2009).

4

53-82). Though the ALJ found those opinions persuasive, the ALJ decided to "extend every benefit of the doubt" to Plaintiff's "subjective complaints of pain, along with difficulty with prolonged sitting, standing, and walking" and limited Plaintiff to sedentary work. R. 23. The Court cannot adequately trace the ALJ's reasoning here, however. The only rationale the ALJ provided for reducing the RFC from light to sedentary work was Plaintiff's subjective complaints, yet the RFC does not include recognition of all of those subjective complaints. While a reduction from light to sedentary work seemingly accommodated Plaintiff's alleged difficulties with standing and walking, it did not accommodate Plaintiff's alleged difficulty with sitting because sedentary work requires a large amount of sitting. *See Collins*, 324 F. App'x at 517 (stating that sedentary work requires sitting for six hours). This is especially confusing given the fact that the ALJ specifically mentioned Plaintiff's subjective sitting complaints as one of the complaints the ALJ considered when deciding to reduce the RFC. R. 23 ("[T]he claimant has continued to make subjective complaints of pain, along with difficulty with prolonged sitting, standing, and walking. In an effort to extend every benefit of the doubt to claimant, the undersigned has further limited her to work at the sedentary level of exertion."). In other words, the ALJ did not explain why some of Plaintiff's alleged needs for accommodation were warranted while others were not. Were some of Plaintiff's complaints more persuasive, consistent, or supported than others? The Court cannot tell from the limited reasoning that the ALJ supplied.

The ALJ's other rationale also failed to sufficiently support the RFC. The ALJ stated that three other pieces of evidence supported the RFC: "[1] imaging evidence, which documents fairly mild findings after [Plaintiff's] second surgery; [2] the results of [Plaintiff's] physical examinations, which include few objective findings of impairment; [and 3] the relative scarcity of recent treatment…" R. 25. Concluding that such evidence supported the RFC without more explanation does not enable the Court to see how or why the ALJ determined that Plaintiff could stand, walk, and sit as required by sedentary work. Nor does this evidence help answer the question of why the ALJ chose to take some but not all of Plaintiff's subjective complaints into account in crafting the RFC. The ALJ has not provided the Court with sufficient reasoning or confidence that substantial evidence supported the ALJ's rejection of Plaintiff's reported sitting limitations. *See, e.g., Villano*, 556 F.3d at 563 ("The ALJ's cursory analysis does not give us confidence that he had appropriate reasons for rejecting the limitations [the plaintiff] alleged.").

The Commissioner asserts that Plaintiff makes an incorrect argument that the ALJ needs to directly tie the RFC to a medical opinion and cannot simply "split the difference" between opinions. [Dkt. 25 at 2]. There is some support for the Commissioner's position, but the Court does not base its decision on this argument, given the following distinction. *Id.* at 4-6 (citing *Vang v. Saul*, 805 F. App'x 398, 401-02 (7th Cir. 2020) (no error where the ALJ did not point to any opinion that the claimant could perform work in line with the RFC, because the ALJ considered all the limitations supported by the evidence and tied the evidence to the RFC finding); *Green v. Saul*, 781 F. App'x 522, 529 (7th Cir. 2019) (finding that the ALJ did not err by "split[ing] the difference" between opinions where he reviewed all the evidence, explained why he assigned weight to different opinions, and adequately captured the claimant's limitations). Here, remand is not required because the ALJ did not directly tie the RFC to a medical opinion nor because the ALJ "split the difference" between opinions. Remand is required here because, as explained above, the ALJ failed to tie the record evidence to the limitations in the RFC in any sufficiently explainable way, because the ALJ did not account in the RFC for all of the subjective complaints

5

he purportedly relied on in his determination. *See Vang*, 805 F. App'x at 401-02 ("An ALJ adequately supports his RFC determination when he consider[s] *all* limitations supported by [the] record evidence and tie[s] the record evidence to the limitations included in the RFC finding.") (internal quotation marks and citation omitted) (emphasis added).

In summary, the Court cannot understand how or why the ALJ reached the conclusion that Plaintiff could perform the full range of sedentary work without addressing why he did not include Plaintiff's subjective sitting complaints in the RFC and thus the case must be remanded. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002) (ALJs must "sufficiently articulate [their] assessment of the evidence to assure us that [they] considered the important evidence and ... to enable us to trace the path of [their] reasoning.") (internal quotation marks and citation omitted).

Plaintiff's request to reverse the Commissioner's final decision [dkt. 1; dkt. 22; dkt. 26] therefore is granted and the Commissioner's Motion for Summary Judgement [dkt. 25] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

Date: March 15, 2024

BETH W. JANTZ

United States Magistrate Judge